UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMILY RICHER,

        Plaintiff,

v.

TRAVELERS COMMERCIAL INSURANCE COMPANY, et al.,

        Defendants.

Case No.17-cv-04984-HSG

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 10

Pending before the Court is Plaintiff Emily Richer's motion to remand. Dkt. No. 10. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.[1]

# I. BACKGROUND

## A. Factual Allegations

The facts, as relevant to this motion, are as follows. In late 2014, Plaintiff sought to insure her two-building residence in St. Helena, California. Dkt No. 1-1 (Complaint or "Compl.") ¶¶ 12, 15. Plaintiff's broker, Defendant Malloy Imrie & Vasconi Insurance Services ("MIV"), procured a policy administered by Defendant Travelers Commercial Insurance Company ("Travelers"). *Id.* ¶ 16. The Travelers policy contained a provision excluding "structures [that are] rented or held for rental." *Id.* ¶ 16. While she was covered by the policy, Plaintiff used Airbnb, "an internet-based service that connects property owners with individuals seeking lodging," to rent out her property on three separate occasions. *Id.* ¶¶ 19-20.

In February 2017, "after several days of severe storms," a large tree fell against the bottom level of one of Plaintiff's buildings and "cracked a foundational pier, caved in the exterior walls

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

1 and caused the floor to buckle, damaging a custom-built wine rack." *Id.* ¶ 22. Plaintiff immediately contacted Travelers to notify the company of the damage. *Id.* ¶ 23. She alleges that because Travelers "refused to explain her coverage and exactly what it needed to adjust her claim," she enlisted MIV to serve as a liaison. *Id.* ¶ 32. At that point, "MIV began working on [Plaintiff's] behalf to handle the claim." *Id.* ¶ 33.

Shortly thereafter, Plaintiff and MIV received a letter from Travelers dated March 7, 2017, which to Plaintiff's surprise "suggested that the loss might be excluded under a policy provision regarding rented structures." *Id.* ¶ 23. Travelers further requested a copy of the lease to "further investigate the coverage available" to Plaintiff under the policy. *Id.* ¶ 35. One of MIV's managing members, David Capponi, "undertook to speak with Travelers' underwriting manager and legal department, and to e-mail the claims manager." *Id.* ¶ 36. Plaintiff alleges that Capponi, "having assumed the duty of acting as [her] representative, did not relay all the information to Travelers and/or did not explain the loss and the Airbnb usage adequately and/or failed to make reasonable efforts to handle the claim on [Plaintiff's] behalf, thereby contributing to the ultimate claim denial." *Id.*

On March 30, 2017, Travelers sent Plaintiff and MIV a letter denying the claim, citing the policy provision excluding rented structures. *Id.* ¶¶ 37-38. Travelers did not "evaluate the whole loss and adjust the claim . . . ." *Id.* ¶ 41. Plaintiff estimates the cost of the damage to be between $80,000 and $120,000. *Id.* ¶ 22.

### B. Procedural Posture

On July 12, 2017, Plaintiff filed the Complaint in the Superior Court of California in Napa County. Dkt. No. 1-1. On August 28, 2017, Travelers both answered the Complaint in state court, Dkt. No. 1-1 at 26 (ECF pagination), and filed a notice of removal in this Court on diversity grounds, Dkt. No. 1 ("Notice"). Plaintiff filed this motion to remand on September 27, 2017. Dkt. No. 10. Defendant filed its opposition to Plaintiff's motion on October 11, 2017, Dkt. No. 15, and Plaintiff filed her reply on October 18, 2017, Dkt. No. 16.

## II. LEGAL STANDARD

A defendant may remove a civil action in state court to the federal court "for the district

and division embracing the place where such action is pending" if the federal court has subject matter jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). On a motion to remand, federal courts must presume that a cause of action lies beyond its subject matter jurisdiction, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and must grant remand "if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Courts must resolve all ambiguity in favor of remand. *Hunter*, 582 F.3d at 1042.

For a federal court to exercise subject matter jurisdiction on diversity of citizenship grounds, "the amount in controversy must exceed $75,000, and the parties must be citizens of different states." *Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016) (citing 28 U.S.C. § 1332(a)). For purposes of diversity, a corporation is deemed to be a citizen of every state where it has been incorporated and where it has its "principal place of business." 28 U.S.C. § 1332(c)(1). "[T]o bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001). One claim against one non-diverse defendant violates this complete diversity requirement and is sufficient to destroy diversity jurisdiction. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998).

## III.  DISCUSSION

Travelers removed this action on diversity grounds, arguing that the presence of non-diverse defendant MIV "does not defeat diversity, because [MIV] is properly aligned as a plaintiff in this matter." Notice ¶ 5. Plaintiff disagrees with this argument, Dkt. No. 10 at 5-9, and argues further that regardless of MIV's alignment, Travelers has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, *id.* at 9-11. Because the Court finds that MIV is not properly aligned as a plaintiff in this matter and that it lacks subject matter jurisdiction over the case as a result, it need not reach the question of whether Travelers failed to prove the requisite amount in controversy.

3

### A. Necessity of Realignment of MIV to Preserve Subject Matter Jurisdiction

Plaintiff is a citizen and resident of California. Notice ¶ 1. MIV was incorporated under California law and has its principal place of business in California. *Id.* ¶ 2. Travelers was incorporated under Connecticut law and has its principal place of business in Connecticut. *Id.* ¶ 3. Plaintiff's action, therefore—at least as alleged—is not removable, because both Plaintiff and one of the defendants, MIV, are California citizens. *See Lee*, 260 F.3d at 1004. Moreover, because MIV is a citizen of California, Travelers' notice of removal also must overcome the general rule that a defendant may not remove on diversity grounds if any defendant is a citizen of the state in which the removal action is brought. *See* 28 U.S.C. § 1441(b). The Court, therefore, is required to remand the case to state court—unless Travelers can show that MIV is properly realigned as a plaintiff, which would preserve diversity of citizenship and this Court's subject matter jurisdiction.

### B. Legal Standard for Realignment of Parties

It is the duty of the federal courts "to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941) (citation and internal quotation marks omitted). To determine the parties' sides, courts must look to the "principal purpose of the suit" and the "primary and controlling matter in dispute," *id.* (citation and internal quotation marks omitted), and "align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute,'" *Prudential Real Estate Affiliates v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (citation omitted). In this Circuit, courts realign parties "according to their interests" when those interests "involve[] substantial legal rights or detriments flowing from the resolution of the primary matter in dispute." *Id.* at 874. The primary matter is the driving force behind realignment, such that "[r]ealignment may be required even if a diversity of interests exists on other issues." *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983). The determination of whether to realign parties is a matter within the Court's discretion. *See Guidetech, Inc. v. Brilliant Instruments, Inc.*, 2014 WL 12643007, at *2 (N.D. Cal. Mar. 25, 2014) (citing *Plumtree Software, Inc. v. Datamize, LLC*, 2003 WL 25841157, at *3 (N.D. Cal. Oct. 6, 2003)).

## C. The Circumstances Do Not Warrant Realignment of MIV As a Plaintiff

In removing this case, Travelers asserted that "[t]he primary and controlling matter in this dispute is the existence of coverage," and that "Plaintiff's principal purpose in bringing this action is to have Travelers pay her claim. [MIV] shares that same principal interest in the litigation." Notice ¶ 14. Plaintiff counters that "there is no single issue whose resolution will completely resolve all of the parties' disputes," Dkt. No. 10 at 6, emphasizing that "whether a court finds that coverage exists or it doesn't, it will have to reach additional issues, where [Plaintiff's] and MIV's interests will be adverse," *id.* at 7.

The Court agrees with Plaintiff, and declines to exercise its discretion to realign the parties. Travelers' characterization of the case is partially correct: while the primary matter is whether coverage existed, Plaintiff's primary purpose is not just to "have Travelers pay her claim." It is to obtain redress from Travelers or MIV—or perhaps both—for their handling of her claim. More importantly, Travelers' argument fails in its assertion that "Plaintiff and [MIV] have a common interest in obtaining a ruling that Travelers' [p]olicy provides coverage for Plaintiff's loss." *See* Dkt. No. 10 at 4. Even if the Court does find that Plaintiff had coverage for the damage to her building, Plaintiff will still seek to prove that MIV's negligence caused her to receive that benefit later than she should have—that is, after the claims process. *See* Dkt. No. 10 at 7; Dkt. No. 16 at 4; Compl. ¶¶ 75-77 (alleging that "MIV undertook to represent [Plaintiff] with respect to the [Travelers] claim and did not represent her competently," resulting in Plaintiff's not receiving the benefits of the policy). The question of whether she can prove such damages notwithstanding, the Court finds that Plaintiff and MIV's interests do not "coincide" as to the question of her coverage under Travelers' policy. *See PPR Realty*, 204 F.3d at 873. And of course, if the Court finds that no coverage existed to begin with, the contrast between Plaintiff's and MIV's interests becomes even starker, because Plaintiff would then claim negligent procurement by MIV. *See* Dkt. No. 10 at 7; Compl. ¶¶ 72-73 (alleging that MIV failed to use reasonable care in "procuring the insurance requested by" Plaintiff, resulting in "half her home receiving limited coverage" due to the rental exclusion). In both scenarios, MIV's interests—in proving that it *did* competently represent Plaintiff, or that it was *not* negligent in procuring the policy—are decidedly adverse to Plaintiff's.

This outcome is dictated not only by law, but by common sense. Taken to its logical endpoint, Travelers' theory would realign defendants with plaintiffs solely on the ground that the law, as applied to one defendant, allowed another defendant to escape liability. Moreover, Plaintiff is permitted to plead in the alternative, "even if the alternatives are mutually exclusive," *PAE Gov't Servs., Inc. v. MRPI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007), and the fact that one of Plaintiff's theories might result in no liability for MIV does not as a matter of law align MIV's interests with those of Plaintiff. Indeed, Travelers' argument sounds more in the notion that MIV and Travelers' interests are *not* aligned—a common occurrence among co-defendants, but one that is irrelevant to the question of alignment.

Because the Court does not find that MIV is properly aligned as a plaintiff, it remains a defendant and destroys diversity of citizenship. Accordingly, this Court lacks subject matter jurisdiction and must remand the action to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. The Clerk is directed to remand the case forthwith to Napa County Superior Court and close the case.

**IT IS SO ORDERED.**

Dated: 11/22/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge